UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEVIN ROSE, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-0355-WTL-MJD |
| | ) | |
| BRIAN SMITH, Superintendent. | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Kevin Rose, Sr., was disciplined at an Indiana prison for his use of an intoxicant. Contending that the proceeding is tainted by constitutional error, Rose seeks a writ of habeas corpus.

Having now considered the pleadings and the expanded record, and being duly advised, the Court finds that the petition for writ of habeas corpus should be **denied**. This conclusion rests on the following facts and circumstances:

1. The behavior of inmates in Indiana prisons is govern by a written code. This code prescribes various infractions, one of which is the use of an intoxicant. Violation of the rules governing inmate conduct can result in the imposition of sanctions.

2. Rose was charged with the use of an intoxicant in a conduct report issued on May 29, 2016, based on an incident in which he displayed erratic behavior. A medical evaluation of Rose was made and the examining nurse opined that Rose was showing signs of being high off

"spice." Rose was supplied with a copy of the conduct report and notified of his procedural rights in connection with the matter. A hearing was conducted on June 8, 2016. Rose was present at the hearing hand made a statement concerning the charge. The hearing officer considered that statement, along with the statements of others who were present and the conduct report itself, and found Rose guilty of the charged misconduct. Sanctions were imposed.

3. Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644–45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570–71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

4. Measured against this standard, Rose's challenge to the disciplinary proceeding fails. Specifically: (1) the conduct report contains the reporting officer's first-hand account of Rose's behavior; (2) the medical evaluation of that behavior is undisputed; (3) Rose received a copy of the conduct report on June 6, 2016; (4) a hearing was conducted on June 8, 2016; (5) Rose was present at the hearing and made a statement concerning the charge; (6) the hearing officer's report identifies the evidence considered in making a decision; and (7) the hearing officer's report includes a statement of his findings and a statement of the reasons for the sanctions which were imposed.

5. Rose's arguments to the contrary are unpersuasive:

a. Rose points out that there was no urinalysis or other forensic test performed to show whether he was intoxicated, but due process does not require such a test in these circumstances, *see Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use); *Freitas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings), and the medical opinion of his intoxication was sufficient evidence to support the hearing officer's conclusion. *See, e.g., Morgan v. Campbell,* 2007 WL 776104, at *4 (E.D.Cal. Mar. 12, 2007)("identification of alcohol by laboratory testing is not required. Identification of alcohol based upon factors such as appearance or characteristic odor can be accepted as sufficient") *report and recommendation adopted,* 2007 WL 1747483 (E.D.Cal. June 18, 2007) *aff'd,* 270 F. App'x 657 (9th Cir. 2008).

b. The sanctions imposed were authorized for this type of misconduct, and the severity of the sanction imposed is ordinarily not cognizable in an action such as this. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). This case is no exception.

c. The hearing officer is presumed to have been impartial, *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003) (citing *Withrow v. Larkin,* 421 U.S. 35, 47 (1975)), Rose has not shown otherwise—in particular, he has not shown that the hearing officer was "personally or substantially involved in the circumstances underlying [the investigation of the] charge." *Greer v. Hogston,* 288 F.App'x. 797, 799 (3d Cir. 2008); *see also Redding v. Holt,* 252 F.App'x 488 (3d Cir. 2007)—and a hearing officer who follows established procedures, whose discretion is circumscribed by regulations, and who adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 562 and 571.

6. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Rose to the relief he seeks. Accordingly, his petition for a writ of habeas corpus is **denied** and this action is **dismissed.**

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 1/30/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN ROSE, SR.
973930
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel